## GRANT v. McAULIFFE.   (No. 7982.)

Court of Civil Appeals of Texas. San Antonio. April 11, 1928.

Rehearing Denied June 27, 1928.

1. **Appeal and error** ⊕➡719(1)—**Findings not attacked by assignment of error are conclusive.**

Where trial court's findings of fact are not attacked by assignment of error in reviewing court, they are conclusive on parties for all purposes.

2. **Mechanics' liens** ⊕➡134—**Account accompanying affidavit of subcontractor filing mechanic's lien should be dated.**

Account accompanying subcontractor's affidavit in filing mechanic's or laborer's lien should be dated, so as to show it was filed within time prescribed by statute.

3. **Mechanics' liens** ⊕➡291(6)—**Payment of subcontractor's claim held properly decreed to be made out of fund, payment of which was secured by lien of original contractor.**

Where lien of original contractor was valid and existing lien against property as improved to secure payment of agreed consideration for construction of building and court found that sufficient sum remained unappropriated in such

fund to pay subcontractor's claim, it was not error to decree payment of such claim out of such fund.

4. **Mechanics' liens** ⊕➡203(1)—**Agreement by purchaser of contractor's lien to pay subcontractor held to amount to equitable assignment of lien on property and fund held by purchaser.**

Where purchaser of lien of original contractor, in pursuance of agreement to finance contractor through project, acquiesced in employment of subcontractor and agreed to pay him, such agreement amounted to equitable assignment of so much of fund held by purchaser as was necessary to pay such claim, as well as equitable assignment pro tanto of purchaser's lien on property.

On Motion for Rehearing.

5. **Appeal and error** ⊕➡835(2)—**On motion for rehearing it is too late to attack controlling finding for first time.**

On motion for rehearing it is too late for appellant to attack for first time controlling finding of trial court, and undertake to substitute such finding with directly contrary finding ascertained and certified to by court with explanation that former finding was made through mistake and inadvertence.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by George P. McAuliffe against John F. Grant and others. From the judgment, named defendant appeals. Reformed and affirmed.

Wells & Richards, of Brownsville, for appellant.

W. T. Carlton, of Harlingen, and J. M. Mothershead, of Sulphur Springs, for appellee.

SMITH, J. On March 4, 1927, J. B. Moore and another, doing business under the trade-name of Valley Construction Company, entered into a written contract with J. E. Audsley and wife to furnish the labor and material and construct a house for them on their lots 4, 5, and 6, block 5, situated in the city of Harlingen, Cameron county. For this the construction company was to be paid $8,500, evidenced by Audsley's promissory note, payable in monthly installments of $200. To secure the contractors the Audsleys executed a materialmen's, mechanic's, and laborers' lien, as well as a deed of trust, upon the real property. On the next day the contractor, the construction company, transferred the note and lien to John F. Grant, a lumber dealer, under an arrangement whereby the latter was to furnish the materials and pay all bills, up to the amount of the note, $8,500, and the former was to construct the building. In this contract of assignment it was stipulated that said sum of $8,500 to be paid by Grant, called the "purchaser," "shall be held by purchaser without interest and shall be paid from time

to .time as the work on the said improvements, provided for in the foregoing contract, progresses, if the purchaser deems it wise and prudent to make such payments, but said entire amount, or so much thereof as remains unpaid, shall be due and payable upon the completion of said improvements, and when assignor shall have procured for purchaser the written acceptance of the improvements by the owners and when assignor shall furnish the purchaser satisfactory proof or evidence that all bills or claims growing out of said building contract have been satisfied and paid." The construction company proceeded with the work and completed the building, which was accepted by the Audsleys, the owners.

In the course of the construction the contractors employed George P. McAuliffe, as a subcontractor, to furnish and install the plumbing in the building, at an agreed amount, including extras, of $1,805. The original contractors so employed McAuliffe with the knowledge and consent of Grant, who in effect agreed to pay McAuliffe's account out of the building fund of $8,500, secured to Grant. McAuliffe proceeded with the work he engaged to do, completed it, and it was accepted by the original contractors and the owner. Grant paid McAuliffe's first estimate, of $300, and accepted and agreed, but afterwards refused to pay the second estimate, of $1,000, or any further amount earned by him, which left a balance due him of $1,505. At that time a sufficient amount remained unappropriated out of the $8,500 secured to Grant, to pay McAuliffe's claim. On April 16, 1927, McAuliffe gave notice to Audsley, the owner, of his unpaid claim, and on April 29, filed his affidavit, together with a statement of his account, with the county clerk, who duly recorded the same in the mechanic's lien record of the county.

[1] The foregoing statement is made from the trial court's findings of fact, which are not attacked by assignment of error in this court, and are therefore conclusive upon the parties for all purposes.

McAuliffe, the subcontractor, brought this action against the Audsleys as the owners, the construction company as the original contractor, and Grant as the latter's assignee, to recover the balance due him for. labor and material furnished in installing the plumbing in the Audsley's house, and to establish his mechanic's and laborer's lien as superior to that of the original contractor's liens, then owned by Grant. The cause was tried without a jury, and personal judgment was rendered in favor of McAuliffe against the original contractor for $1,505, with execution therefor against them; the lien asserted by McAuliffe was established and adjudged to be superior to that of the original contractors, which was also established. So was it decreed that the owners pay to McAuliffe the accruing installments upon their note in favor of the original contractors, but now held by Grant, until McAuliffe's claim is fully satisfied; and Grant was given judgment over against the original contractors for whatever amount is so paid to McAuliffe. Grant has appealed.

[2] The assignments of error pressed by appellant in this appeal are confined to an attack upon the validity of the mechanic's and laborer's lien asserted by appellee, McAuliffe, the subcontractor. It is claimed that the account accompanying the latter's affidavit was not dated, but should have been, so as to show it was filed within the time prescribed by statute; that it was not itemized with that particularity required by statute to support the lien asserted. We are of the opinion that these assignments must be sustained, but in view of the disposition we shall make of the appeal it is not deemed necessary to further discuss those assignments, or the grounds upon which they are sustained.

[3, 4] It is conceded, and the trial court decreed, that the lien of the original contractor, now held by appellant, was properly fixed and is a valid and existing lien against the property as improved to secure the payment of a fund of $8,500, being the agreed consideration for the construction of the building in question. The court found that a sufficient sum remained unappropriated in that fund to pay the appellee's claim as subcontractor, and decreed the payment of that claim out of said fund. We conclude that this decree was both legal and just. The original contractor obligated himself to furnish the labor and material and construct the building in question, freed of liens, in consideration of $8,500 in notes. Appellant purchased the notes and liens from the original contractor, and agreed in consideration thereof to finance the latter through the project. In pursuance of this agreement he acquiesced in the employment of appellee as a subcontractor to install the plumbing and agreed to pay him therefor. This agreement amounted to an equitable assignment of so much of the fund held by appellant as was necessary to pay that claim, as well as an equitable assignment, pro tanto, of appellant's lien upon the property. Foley v. Houston Co-Op. & Mfg. Co. (Tex. Civ. App.) 106 S. W. 160; Texas Builders' Supply Co. v. National Loan & Investment Co., 22 Tex. Civ. App. 349, 54 S. W. 1059.

In accordance with these conclusions, it is ordered that the judgment appealed from be reformed so as to exclude the decree upholding the lien asserted by appellee and declaring said lien to be superior to that of appellant, and that the judgment as so reformed be affirmed, at the cost of appellant.

Reformed and affirmed.

On Motion for Rehearing.

[5] In his motion for rehearing in this court appellant, for the first time, attacks a con-

trolling finding of the trial court, and now undertakes to substitute that finding with a directly contrary finding, ascertained and certified to by the trial court, with the explanation that the former finding was made through mistake and inadvertence. We have concluded, however, that this challenge of the record comes too late, and cannot now be entertained. To permit such procedure at this juncture of litigation would tend to impair the sanctity and stability of trial court records on appeal, and to disrupt the orderly processes of appeal.

The finding now challenged and sought to be substituted was seasonably made and filed by the trial court. It was accepted without question by the parties, was incorporated into the record, the issues on appeal were joined upon the accuracy of the finding, and the briefs of both parties were adjusted thereto. And appellee is now vigorously insisting that the original finding was in accordance with the evidence; which he sets out at length. Under these conditions, if not as a matter of course in any event, we must decline to permit the substitution.

The motion therefor is accordingly overruled, as is also appellant's motion for rehearing.